LEVI PIGGOTT, surviving executor of the estate of George Ramey, deceased, plaintiff in error *v.* NANCY RAMEY, widow and relict of George Ramey, deceased, FOSTER RAMEY, MICHAEL PALMER and ELIZABETH his wife, POLLY RAMEY, JOHN SMITH and ELIZA his wife— WILLIAM RAMEY, CATHARINE RAMEY, THADEUS W. RAMEY, minors, who sue by their next friend, Nancy Ramey, heirs at law of George Ramey, deceased, defendants in error.

*Error to Monroe.*

Where the legislature directs an inferior court as to the mode of enforcing its orders or decrees, such court possesses no discretion, but must proceed conformably to the mode prescribed.

A Court of Probate has no power to render a judgment in favor of heirs or devisees, against an executor or administrator for failing or refusing to pay over to such heirs or devisees, their distributive portions of the estate of the deceased.

If an executor or administrator fail or refuse to comply with the order of the Court of Probate, requiring him to make such payment, the remedy is by attachment for contempt of Court.

A. COWLES and N. W. EDWARDS, for the plaintiff in error, relied upon the following points and authorities:

1. No action lies for a legacy against an executor without his express assent. Cowper 284; 7 Johns. 103–4; 10 Johns. 31; 1 Chit. Plead. 89, 95, and cases cited in note C.; Toller 365, 240; 1 Chit. Plead. 101–2.

2. Executors and administrators not liable at law until a *devastavit* is legally established. Breese 154; Toller 342, 363–8.

3. Upon a declaration against an executor or administrator, the judgment can only be first against the goods and chattels in his hands to be administered. 2 Saunders 117, d, note; Tidd's Appendix 213.

4. From the uncertain character in which the plaintiffs below sue, no judgment can properly be rendered. 9 Saunders 117, f, note 1.

5. The interest which these plaintiffs took under the will, was a several, and not a joint interest. 1 Saunders 154, note (1).

6. No judgment could be rendered against defendants without showing a previous demand for payment. 1 Mass. 428; § 121, Act relative to Wills and Testaments, R. L. 650.

S. BREESE and A. W. SNYDER, for the defendants in error.

LOCKWOOD, Justice, delivered the opinion of the Court:

This was an action of *debt* brought by the heirs or devisees of George Ramey, deceased, against Levi Piggot, as surviving

M

executor of said Ramey. The declaration states, "That the plaintiffs, as heirs of Ramey, deceased, heretofore, to wit, on the 4th day of January, 1830, at a Court of Probate, held in the town of Waterloo, Monroe county, by the Hon. James B. Moor, Judge of Probate for said county, by the consideration and judgment or decree of said Court, recovered against the said Levi Piggott, surviving executor of the estate of George Ramey, deceased, the sum of $389,29, which was then and there adjudged to the plaintiffs before mentioned, they being the persons entitled to the same under the last will and testament of the said George Ramey, deceased," &c. The defendant below made default, and judgment was given for the plaintiffs against the defendant personally, for the above mentioned debt and costs of suit. The cause was brought into this Court by writ of error. A number of errors have been assigned. It will, however, be unnecessary to examine any other point in the case, except whether a Court of Probate had any power to render a judgment in favor of heirs or devisees against an executor for distributive shares or legacies, under the "*Act relative to Wills and Testaments, Executors and Administrators, and the Settlement of Estates,*" approved January 23d, 1829. This power was, on the argument of the case, supposed to be conferred on the Court of Probate, by the 121st and 122d sections of the act. The 121st section directs that "If any executor or administrator shall fail or refuse to pay over any moneys or dividends to any person entitled thereto, in pursuance of the order of the Court of Probate, lawfully made, within thirty days after demand made for such moneys or dividend, the Court of Probate, upon application made, shall attach such delinquent executor or administrator, and may cause him to be imprisoned until he shall comply with the order aforesaid, or until such delinquent *is discharged by due course of law ;*" and this section further authorizes a suit to be brought on the bond of such executor or administrator, upon his neglect or refusal to comply with such order. The 122d section provides, that "Whenever it shall appear that there are sufficient assets to satisfy all demands against the estate, the Court of Probate shall order the payment of all legacies mentioned in the will of the testator, the specific legacies being first satisfied."(1)

The Court are clearly of opinion that in neither of these sections is any authority given to the Court of Probate to render a judgment.

The word *order*, used in both sections, does not *ex vi termini* mean a judgment. That the legislature did not intend to confer the power to give judgment, is evident from the consideration that in the 121st section, provision is made to proceed against the executor or administrator who neglects or refuses to comply with

(1) R. L. 651; Gale's Stat. 716.

the order after demand being made, by attaching and imprisoning him for contempt; and in neither section is there authority to issue an execution.

Had the legislature intended to have authorized the Court of Probate to render judgment against the executor or administrator, under these sections, the Court would unquestionably have been required to collect such judgment by the usual process of execution. The legislature, however, has only given the remedy for the refusal to comply with an order of the Court of Probate, as the common law gives to courts of record in similar cases; to wit, an attachment for contempt. When the legislature directs an inferior court as to the mode of enforcing its orders or decrees, such court possesses no discretion, but must proceed conformably to the mode prescribed. The Court are further confirmed in this view of the subject by the 124th section. This section provides, that "Executors or administrators shall not be compelled to pay legatees or distributees, until bond and security be given by said legatees or distributees, to refund their due proportion of any debt which may afterwards appear against the estate, and the costs attending the recovery thereof; and such bond shall be made payable to such executor or administrator, and shall be for his indemnity, and filed in the Court of Probate." This provision is entirely inconsistent with the idea that the Court of Probate has power to give a judgment which is a final disposition of the matter in controversy, leaving no act *in pais* to be done to entitle the successful party to an execution which will put him in possession of the fruits of his recovery. But if we consider the *order* mentioned in the 121st and 122d sections, as liable only to be enforced by attachment for contempt, then before the Court of Probate could issue such attachment, evidence would have to be furnished that the executors had refused to pay the dividend, and that the devisees or distributees had executed the bond with security, required by the 124th section. In this mode, the proceedings before the Probate Court would comply with the requisitions of the statute, and conform to analogous proceedings in other Courts, and the symmetry of legal proceedings would be preserved.

The judgment is reversed with costs.

*Judgment reversed.*